**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SUNDEEP AGGARWAL,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION AND THOMAS DROUGAS,<br><br>Defendants. | : | CASE NO. 3:22-cv-1588(RNC) |

**RULING ON PLAINTIFF'S MOTION TO COMPEL DEPOSITION**

Plaintiff Sundeep Aggarwal has filed a motion to compel the deposition of Richard Duffy. (Dkt. #42). Defendant objects, arguing that the discovery deadline has passed, and that Plaintiff has failed to show good cause for an extension of the deadline to allow for Mr. Duffy's deposition. (Dkt. #44 at 9-10). After reviewing the parties' submissions, Plaintiff's motion to compel the deposition of Mr. Duffy is DENIED.

## I. Background and Procedural History

On May 23, 2023, the Honorable Robert N. Chatigny adopted the parties' proposed case management plan and set a discovery deadline of February 5, 2024. (Dkt. #14). The parties made a joint motion for an extension on December 19, 2023, which was granted, and the Court set a new discovery deadline of April 5, 2024. (Dkt. #18, 22). On March 13, 2024, Plaintiff indicated that he intended to seek another extension of the discovery

deadline, and Defendant expressed its opposition. (Dkt. #25 at 6-7). Although Defendant provided dates on which Defendant's witnesses would be available to be deposed prior to the April 5, 2024 deadline, Plaintiff did not notice any depositions. (Dkt. #44-20 at 2-3; dkt. #44-21). Instead, on March 19, 2024, Plaintiff moved for an extension of the scheduling order. (Dkt. #23). Defendant filed an objection, and on May 10, 2024, the undersigned held a hearing on Plaintiff's motion for an extension. (Dk. #25, 35).

On May 23, 2024, the undersigned issued an order summarizing the dispute. (Dkt. #36). In that order, the Court noted that Plaintiff's counsel likely could have taken more reasonable steps to complete discovery on behalf of Plaintiff, but in the interest of having the case decided on the merits, the undersigned allowed Plaintiff approximately one month to complete four depositions. Id. The Court set a deadline of June 24, 2024 to complete the four depositions. Id.

One June 17, 2024, one week before the deadline of June 24, 2024, the parties submitted a joint motion to modify the discovery schedule. (Dkt. #38). The motion stated that three depositions were scheduled and would be completed prior to the June 24, 2024 deadline, but that "Plaintiff wish[ed] to depose a fourth witness, former Costco employee Scott Riekers," and the

parties were unable to find a mutually agreeable date before June 24, 2024 to schedule Mr. Riekers's deposition.[1] Id. at 1. Therefore, the parties requested leave to conduct this fourth deposition, which was specifically referenced as Mr. Rieker's deposition, by July 12, 2024. Id. at 2. The joint motion was referred to the undersigned by Judge Chatigny and was granted on June 20, 2024. (Dkt. #40, 41).

As of June 22, 2024, all four depositions were either completed or were scheduled, with Plaintiff scheduled to take Ms. Tara Wilcox's deposition on June 24, 2024, and Mr. Scott Rieker's deposition on July 2, 2024. (Dkt. #42 at 3-4). On June 23, 2024, the day before Ms. Wilcox's deposition and the June 24, 2024 deadline, Plaintiff cancelled Ms. Wilcox's deposition and requested dates when Richard Duffy could be made available for a deposition before July 12, 2024. Id. at 4. Defendant opposed the request to depose Mr. Duffy. Id.

On July 1, 2024, Plaintiff filed the instant motion to compel the deposition of Mr. Duffy. (Dkt. #42). The motion was

[1] During oral argument on May 10, 2024, Plaintiff identified three witnesses as possible deponents: Tom Drougas, Scott DeRubertis, and Tara Wilcox. (Dkt. #44 at 6). Thereafter, according to Defendant, Plaintiff said he would identify his fourth deponent by June 6, 2024, and the deponent would be Kevin Goulet, Tracy Bates, Richard Stevens, or Victor Curtis. Id. at 6-7. Plaintiff made no mention of Richard Duffy. Id. at 7. On June 11, 2024, Plaintiff identified Scott Riekers as the fourth deponent. Id.

referred to the undersigned by Judge Chatigny on July 3, 2024, and was fully briefed as of August 1, 2024. (Dkt. #43, 44, 45).

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "'[T]he burden of demonstrating relevance remains on the party seeking discovery,' while 'the party resisting discovery has the burden of showing undue burden or expense.'" Bagley v. Yale Univ., No. 3:13-CV-01890 (CSH), 2015 WL 8750901, at *7 (D. Conn. Dec. 14, 2015) (quoting State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14-CV-9792 (WHP)(JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 12, 2015)).

However, when a motion to compel is filed after the close of discovery, the moving party "must establish good cause for the late filing." Casagrande v. Norm Bloom & Son, LLC, No. 3:11-cv-1918 (CSH), 2014 WL 5817562, at *2 (D. Conn. Nov. 10, 2014). "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003). Courts may also consider factors such as "(1) the

imminence of trial; (2) whether the request is opposed; (3) prejudice to the nonmoving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; and (5) whether further discovery is likely to lead to relevant evidence." Casagrande, 2014 WL 5817562, at *2. Nevertheless, diligence is the most important factor, and "the moving party must show why it could not have completed the necessary discovery within the time frame established under the existing scheduling order." Baburam v. Fed. Express Corp., 318 F.R.D. 5, 8 (E.D.N.Y. 2016) (citing Carlson v. Geneva City Sch. Dist., 277 F.R.D. 90, 95 (W.D.N.Y. 2011)).

District courts have "wide latitude to determine the scope of discovery, and [courts of appeal] ordinarily defer to the discretion of district courts regarding discovery matters." Agent Orange Product Liability Litig., 517 F.3d 76, 103 (2d Cir. 2008) (internal quotation marks and citations omitted); *see also* Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery.").

**III. Discussion**

Plaintiff argues that he should be entitled to take the deposition of Mr. Duffy for three main reasons. First,

Plaintiff contends that deposing Mr. Duffy would be consistent with the Court's order on June 20, 2024, granting the joint motion to modify the case management plan. (Dkt. #42 at 2). Plaintiff argues that this modification extended the discovery deadline to July 12, 2024.[2] Id. Next, Plaintiff argues that the Defendant's production of additional material on the evening of June 17, 2024, which necessitated the rescheduling of Ms. Wilcox's deposition to June 24, 2024, somehow contributed to Plaintiff's inability to identify Mr. Duffy as a necessary deponent prior to June 23, 2024. Id. at 3-4. Finally, Plaintiff argues that during the deposition of Mr. Kevin Goulet on June 21, 2024, "new facts emerged that altered the context of the case, warranting the deposition of Rick Duffy." Id. at 4.

The Court is not convinced by Plaintiff's arguments. First, the Court agrees with Defendant that discovery closed on June 24, 2024, except for the deposition of Scott Riekers, which was required to be completed by July 12, 2024 and was, in fact, completed on July 2, 2024. (Dkt. #44 at 11). The joint motion to modify the discovery schedule, which the Court granted in full, informed the Court that the parties had scheduled depositions for three witnesses prior to the deadline of June

[2] In contrast, Defendant argues that the modification simply allowed Plaintiff to conduct the deposition of Mr. Riekers after the June 24, 2024 deadline. (Dkt. #44 at 11).

24, 2024, and that the parties wished to conduct the final deposition—the deposition of Scott Riekers—after that date. (Dkt. #38 at 1-2). The Court granted this request. (Dkt. #41). Plaintiff was able to take the last deposition on July 2, 2024, outside of the deadline originally contemplated in the Court's May 23, 2024 order. (Dkt. #44 at 11). Plaintiff's instant motion to compel amounts to a request to take another deposition, in addition to Mr. Riekers, after the deadline of June 24, 2024.[3]

Accordingly, Plaintiff's motion to compel was filed after the close of discovery and is properly evaluated under the stricter standard requiring him to show "good cause for the late filing." Casagrande, 2014 WL 5817562, at *2. The most significant consideration in evaluating good cause is whether the moving party can demonstrate diligence. Id. In particular, the Court will evaluate whether Plaintiff "has exercised diligence in seeking this discovery within the timeframe established by the

[3] Plaintiff argues that he "has a right to choose the deponents he wishes to depose in his case." (Dkt. #42 at 5). The Court agrees with this statement. However, this is not the situation where the parties specifically agreed to conduct the deposition of Scott Riekers after the June 24, 2024 deadline, and Plaintiff, with sufficient notice, attempted to switch Mr. Riekers's deposition with Mr. Duffy's deposition to conduct Mr. Duffy's deposition beyond the June 24, 2024 deadline. In that hypothetical situation, Plaintiff would be better positioned to argue that he has the right to choose which individual would be the one deponent he could depose after June 24, 2024. Here, having requested and received permission to depose a specific witness after the close of discovery, Plaintiff is attempting to depose a second completely different witness after the close of discovery.

Court." Urso v. Mohammad, No. 3:20CV0674 (JBA), 2023 WL 3259877, at *2 (D. Conn. May 4, 2023). Courts generally find that a party has not been diligent when a request "rests on information that the [moving] party knew, or should have known, in advance of the deadline." Owens v. Conn. Jud. Branch, 2018 WL 460972, at *2 (D. Conn. Jan. 17, 2018) (internal quotation marks and citation omitted).

In this case, Plaintiff has not shown how the supplemental discovery production that was produced on June 17, 2024, including 35 minutes of video and 21 pages of handwritten notes by Mr. Goulet, affected Plaintiff's ability to identify Mr. Duffy as a desired deponent and schedule Mr. Duffy's deposition prior to the June 24, 2024 deadline. (Dkt. #42 at 3-4). Given the production on June 17, 2024, Plaintiff's request to reschedule Ms. Wilcox's deposition from June 18, 2024 to June 24, 2024 was clearly reasonable to allow Plaintiff's counsel time to determine if the recently produced documents were relevant to Ms. Wilcox's deposition. However, since Defendant agreed to reschedule Ms. Wilcox's deposition to June 24, and Plaintiff cancelled Ms. Wilcox's deposition on June 23, the production of documents on June 17 does not weigh in Plaintiff's favor. Id.

Plaintiff has also failed to specify what information arose during Mr. Goulet's deposition that necessitates the deposition of Mr. Duffy. Plaintiff's memorandum in support of his motion states that "new facts emerged that altered the context of the case," but Plaintiff makes no attempt to clarify or articulate what those "new facts" are. (Dkt. #42 at 4). Defendant's opposition argues that Plaintiff has failed to justify this assertion. (Dkt. #44 at 13). In response, Plaintiff's reply simply asserts that the need to obtain testimony from Mr. Duffy "could not have been fully appreciated or foreseen until the completion of Mr. Goulet's deposition." (Dkt. #45 at 3). Plaintiff's reply does not provide any specific reason to justify this statement, instead stating generally that "Mr. Duffy's deposition is necessary to fully understand the material facts in this litigation." Id. Defendant's opposition notes that Plaintiff was informed at the start of the discovery period that Mr. Duffy had knowledge or involvement regarding the allegations in Plaintiff's complaint and that Plaintiff has been provided with communications to and from Mr. Duffy. (Dkt. #44 at 10). Absent some explanation of the new information which arose during Mr. Goulet's deposition, the Court is forced to conclude that Plaintiff's need to depose Mr. Duffy rests on information that Plaintiff either "knew, or should have known" prior to June 23, 2024. Owens, 2018 WL 460972, at *2. *See also*

Namin v. Broadridge Fin. Sols., Inc., No. 3:22-CV-749 (RNC), 2023 WL 10802679, at *3 (D. Conn. July 17, 2023) ("Parties who fail to use the early months of a year-long discovery period, trusting that the discovery will be exactly where they expect it in the last month, do so at their peril.").

The Court's prior extension allowed Plaintiff to take four depositions within a one-month period. The extension was generous considering that Plaintiff arguably failed to demonstrate diligence prior to the April 5, 2024 discovery deadline. The Court is concerned that Plaintiff failed to notice a single deposition prior to April 5, 2024. Plaintiff did not assuage this concern by failing to reach out to Defendant to schedule depositions following the Court's order on May 23, 2024. (Dkt. #42 at 2 n.2). The parties only began discussing dates for depositions a full week after the Court granted the one-month extension of discovery, and the discussion was initiated by defense counsel. (Dkt. #44 at 11). The delay, while understandable considering the holiday weekend and pre-scheduled time off, may evidence a further lack of diligence by Plaintiff. Therefore, Plaintiff has failed to show good cause for the Court to allow the deposition of Mr. Duffy after the extended discovery deadline of June 24, 2024. *See also* Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012) (finding where "a party has done little or

nothing to schedule the depositions until the deadline arrives, 'good cause' does not exist"). For the foregoing reasons, Plaintiff's motion to compel the deposition of Mr. Duffy is DENIED.

**IV. Conclusion**

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this 19th day of August, 2024 at Hartford, Connecticut.

_________/s/___________________
Robert A. Richardson
United States Magistrate Judge