```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SUNDEEP AGGARWAL,                :
                                 :
    Plaintiff,                   :
                                 :
v.                               :   Case No. 3:22-cv-1588 (RNC)
                                 :
COSTCO WHOLESALE CORPORATION     :
AND THOMAS DROUGAS,              :
                                 :
    Defendants.                  :

## RULING AND ORDER

This order addresses plaintiff's objection to Magistrate Judge Richardson's ruling in this employment discrimination case denying plaintiff's motion to compel a deposition of Rick Duffy. Duffy was responsible for supervising the pharmacy in Costco's Norwalk store ("Norwalk Pharmacy"), where plaintiff worked. For reasons that follow, the objection is overruled.

When a party timely objects to a magistrate judge's ruling on a non-dispositive matter, the district judge must consider the objection and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A). "[A] finding is clearly erroneous only if[,] although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd., 190 F. 3d 64, 67-68 (2d Cir. 1999) (internal

1

quotation marks omitted) (citing Anderson v. Bessemer City, 470 U.S. 564, 574 (1985)).

Plaintiff has not met his burden of demonstrating that Judge Richardson's decision denying the motion to compel Duffy's deposition is clearly erroneous.  The motion to compel was filed after the discovery deadline expired, so plaintiff was required to demonstrate "good cause" for the late request.  The good cause standard posed a difficult hurdle for plaintiff to overcome because plaintiff had long known that Duffy was responsible for supervising the Norwalk Pharmacy, and Judge Richardson had previously extended the discovery deadline over Costco's objection to enable plaintiff to depose four witnesses whose testimony plaintiff claimed to need in order to oppose Costco's already pending motion for summary judgment.  The list of four witnesses included Tara Wilcox; it did not include Duffy.

In his submission to Judge Richardson, plaintiff argued that during a deposition of Kevin Goulet on June 21, 2024, plaintiff's counsel "learned new information, and decided Mr. Duffy was a more appropriate deponent than Ms. Wilcox." However, plaintiff failed to identify the information provided by Goulet and failed to explain why the information made it reasonably necessary to depose Duffy.  In the absence of any such showing, Judge Richardson reasonably concluded that

2

plaintiff's asserted need to depose Duffy must be based on information plaintiff knew or should have known prior to Goulet's deposition.

In support of his objection to Judge Richardson's ruling, plaintiff now states the following: "Goulet provided information that indicated that Costco had failed to supervise Mr. Drougas related to his oversight of the Norwalk Pharmacy.  Moreover, Costco failed to supervise Mr. Drougas, related to race-based discrimination directed at Mr. Tirawi and Mr. Aggarwal in the Norwalk Pharmacy, in the summer of 2020.  That information made Mr. Duffy – Mr. Drougas's direct supervisor – a higher priority witness."  Obj. at 7.

Assuming Goulet provided information along this line, plaintiff's objection is unavailing because whatever the information might be, plaintiff neither brought it to the attention of Judge Richardson nor explained to him why the information made a deposition of Duffy reasonably necessary. Plaintiff submits that his counsel was motivated by a desire to "avoid unnecessarily disclosing privileged strategy decisions." Obj. at 9.  However, the information plaintiff was obliged to disclose to Judge Richardson to obtain an order compelling Duffy's deposition is the information provided by Goulet that alerted plaintiff's counsel to the need to depose Duffy. Bringing that information to Judge Richardson's attention, as

3

plaintiff was required to do in order to obtain an order compelling Duffy's deposition, would not have required disclosing counsel's work product.

In addition, plaintiff argues that Judge Richardson's ruling "is clearly erroneous because it misconstrues Plaintiff's basis for the motion to compel the deposition of Rick Duffy in place of Tara Wilcox."  Obj. at 6.  In support, plaintiff asserts that during Goulet's deposition, it became clear to plaintiff's counsel that Costco was trying the "force" her to take the deposition of Wilcox "for defendant's benefit," rather than taking the deposition of a witness that "benefitted the Plaintiff."  Id.

Even assuming Costco managed to mislead plaintiff's counsel concerning the advisability of deposing Wilcox, as plaintiff now claims, plaintiff's objection is unavailing.  Judge Richardson's prior order permitting plaintiff to conduct four late depositions did not give plaintiff a right to conduct a certain number of depositions.  Rather, it gave him a right to depose the four individuals he had specifically identified after the close of the discovery period as persons whose testimony he needed to avoid summary judgement.  Plaintiff has not shown that but for Costco's allegedly misleading conduct, he would have sought permission to depose Duffy, and even now plaintiff still

4

fails to show that Duffy's late deposition is warranted in the interest of justice.

Accordingly, the objection is overruled.

So ordered this 8th day of January 2025.

/RNC/
Robert N. Chatigny
United States District Judge